# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2664

_____

Jerry Vang

*Petitioner - Appellant*

v.

Steve Hammer

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 5, 2016
Filed: December 27, 2016
[Unpublished]

_____

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Petitioner Jerry Vang's request for a certificate of appealability (COA) following the district court's[1] dismissal of his 28 U.S.C. § 2254 petition is denied.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jeffrey J.

When 14 years old, Vang shot two people, killing one of them. The State of Minnesota filed a delinquency petition, charging Vang with first-degree murder during a drive-by shooting, second-degree murder during a drive-by shooting, and attempted first-degree murder during a drive-by shooting. The State sought certification to prosecute Vang as an adult, however the juvenile court accepted Vang's guilty plea to the first-degree and attempted first-degree murder charges without ruling on the adult-certification request. The juvenile court convicted him of the adult convictions and sentenced him to adult sentences of life in prison for the murder and a concurrent 200 month sentence for the attempted murder.

Several years later, Vang sought postconviction relief. The Minnesota Supreme Court granted postconviction relief, holding Vang's adult conviction and sentence were void because the juvenile court lacked the jurisdiction to enter the conviction and sentence. The Minnesota Supreme Court remanded the case to a district court—not the juvenile court—to retry Vang. On remand, Vang chose—on the advice of his trial counsel—to reject a plea offer and instead to go to trial and assert a claim of self defense. A jury found Vang guilty of first- and second-degree murder committed during a drive-by shooting and of attempted first-degree murder committed during a drive by shooting. The district court imposed a life sentence with the possibility of release for the first-degree murder conviction and a consecutive 90-month sentence for the attempted first-degree murder conviction.

While Vang's direct appeal from the conviction and sentence was pending, Vang filed a state postconviction petition, asserting that his counsel was ineffective for advising him to reject a plea offer and to proceed to trial on a claim of self defense. This petition was denied while the direct appeal was pending. The Minnesota Supreme Court consolidated the appeal of denial of the postconviction petition with Vang's direct appeal. In the consolidated appeal, Vang asserted, as

Keyes, United States Magistrate Judge for the District of Minnesota.

-2-

relevant, that his ineffective-assistance claims were improperly dismissed, that the trial court lacked jurisdiction under Minnesota law because the juvenile court had exclusive jurisdiction, and that his sentence violated Miller v. Alabama, 132 S. Ct. 2455, 2460 (2012). The Minnesota Supreme Court affirmed Vang's conviction and sentence as well as the denial of his postconviction petition. As to Vang's ineffective-assistance claim, the Minnesota Supreme Court found that counsel's advice to reject a plea offer and proceed to trial on a claim of self defense was not objectively unreasonable, as Vang offered evidence at trial that could have supported the claim.

Vang filed a counseled section 2254 petition, asserting the ineffective-assistance claim, the jurisdiction claim, and the Miller claim. The district court denied relief and dismissed Vang's petition. Vang now seeks a certificate of appealability to challenge the district court's dismissal of his section 2254 petition.

As the dissent agrees that a certificate of appealability should be denied as to Vang's jurisdictional and Miller claims, we will not discuss those claims further. We write only to explain why the Court is denying a certificate of appealability as to Vang's ineffective-assistance claim.

Before we can grant a certificate of appealability, the habeas petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When making its "assessment" of the merits of Vang's constitutional claim, the district court had to decide whether the Minnesota Supreme Court's decision that Vang's counsel was not ineffective "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). In other words, the district court had to determine not whether

Vang's counsel provided effective assistance but "whether the state court's application of the Strickland standard was unreasonable." See Harrington v. Richter, 562 U.S. 86, 101 (2011); see also Strickland v. Washington, 466 U.S. 668, 689 (1984) ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 526 U.S. at 101. Instead, the district court was tasked with determining "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. at 105. This is the "doubly deferential" standard referred to by the district court.

In reviewing the trial court evidence, the district court thoroughly reviewed the Minnesota Supreme Court decision which concluded Vang's counsel did not provide objectively unreasonable assistance. The district court noted several conclusions reached by the Minnesota Supreme Court including (1) Vang's prior counsel had advised that Vang did not have a viable self defense claim and thus he was aware of the conflicting advice from counsel, (2) the state district court determined there was sufficient evidence of self defense to instruct the jury of the defense, and (3) the advice to reject the plea and present the defense was not based on erroneous legal conclusion but instead an ultimately unsuccessful strategic decision. Thus, the district court determined the Minnesota Supreme Court decision was not based on an unreasonable application of the Strickland standard.

The district court's assessment is not "debatable or wrong." Instead, it provided the proper deference entitled to counsel under Strickland and to the Minnesota Supreme Court under section 2254. To grant a certificate of appealability in this situation would require this Court to ignore the highly deferential standards

that must be given to the trial counsel, the Minnesota Supreme Court, and the district court.

The certificate of appealability is denied.

MURPHY, Circuit Judge, dissenting in part.

A habeas petitioner is entitled to a certificate of appealability (COA) if "reasonable jurists could debate" whether the petitioner is entitled to a writ of habeas corpus. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see 28 U.S.C. § 2253(c)(2). Since reasonable jurists could debate whether the state court unreasonably concluded that Jerry Vang's trial counsel had not provided ineffective assistance of counsel, I dissent from the decision to deny a certificate of appealability on that claim.

To establish a claim for ineffective assistance of counsel, a petitioner must show that counsel performed deficiently and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 686 (1984). Vang alleges that his trial counsel provided ineffective assistance by advising him to reject a plea bargain offered by the prosecution and to go to trial on a self defense theory. On collateral review, the Minnesota Supreme Court rejected his theory although it considered it a "close call" whether "trial counsel's alleged advice was objectively unreasonable." State v. Vang, 847 N.W. 2d 248, 268 (Minn. 2014).

In denying Vang habeas relief and a certificate of appealability on his ineffective assistance of counsel claim, the district court referred to the "'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." See Burt v. Titlow, 134 S. Ct. 10, 13 (2013) (quoting Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011)). That standard does not of course mandate the outcome of such a review. Appellate courts regularly review habeas

-5-

claims brought under 28 U.S.C. § 2254 that raise ineffective assistance of counsel questions. See, e.g., Lafler v. Cooper, 132 S. Ct. 1376, 1390 (2012).

Here, there is affirmative evidence that Vang's trial counsel's advice to proceed to trial on a self defense theory may have been objectively unreasonable. The lawyer Vang previously retained had concluded that Vang lacked "a viable self-defense defense" because "there was nothing to suggest Mr. Vang had to shoot the victims to prevent great bodily harm of [sic] death." Consistent with that conclusion, Vang testified at trial on cross examination that he could have left the scene without shooting the two victims, thereby weakening any claim to self defense. See Minn. Stat. § 609.065 (precluding use of deadly force "except when necessary in resisting or preventing . . . great bodily harm or death"); Minnesota v. Basting, 572 N.W. 2d 281, 285–86 (Minn. 1997). A reasonable jurist could conclude that no reasonable lawyer would advise a client to proceed to trial on a self defense theory where there has been no evidence that the defendant faced great bodily harm or death (let alone in circumstances like here where the defendant's own statements undermined that claim). See Tenny v. Cockrell, 420 F. Supp. 2d 617, 627–33 (W.D. Tex. 2004), aff'd 416 F.3d 404, 407–08 (5th Cir. 2005).

The state post conviction court reasoned that Vang's trial counsel could not have been aware that his testimony would undermine his claim to self defense. Indeed, the district court stated that "[i]t strains credulity . . . to think that [Vang's] attorney, or any attorney, would have proffered such a defense had he known that the petitioner would have testified in this manner." Vang nevertheless testified consistently with a statement that he had made to law enforcement immediately following his arrest and another he had given to his codefendant's attorney. Both of those pretrial statements indicate that Vang had fired his weapon not because he was physically threatened by the victims, but rather because he was angry that one of them had disrespected him and his family.

On this record it appears that trial counsel did not sufficiently investigate Vang's prior testimony and that the decision to pursue a self defense claim was not "strategic" or entitled to deference by the state court. See Wiggins v. Smith, 539 U.S. 510, 527 (2003). Alternatively, the record may also be read as suggesting that Vang's counsel may have given objectively unreasonable advice. Under either situation, reasonable jurists could debate whether the state court unreasonably applied Strickland to the facts of Vang's case. Vang is entitled to an opportunity for full briefing on his ineffective assistance of counsel claim. For that reason, I dissent in part from the denial of a certificate of appealability.[2]

---

[2]I agree that Vang is not entitled to a certificate of appealability on his two remaining claims.